UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

------------------------------------------------------------------ X
GUARDIAN ANGEL CREDIT UNION, on its own  :
behalf and on behalf of a class of persons similarly  :
situated,  :
                                                                            : Case No. 08-CV-261 (PB)
                           Plaintiff,  :
                                                             :
       - against -  :
                                                              :
METABANK, and META FINANCIAL GROUP, INC.,  :
                                                              :
                         Defendants.  :
------------------------------------------------------------------ X

## STIPULATED CONFIDENTIALITY ORDER

       1.      This Confidentiality Order shall govern the use and dissemination of all information, documents or materials that are produced in this action and designated as Confidential.

       2.      The term "document" or "documents," as used in this Confidentiality Order, shall have the same meaning as contemplated by the Federal Rules of Civil Procedure. The term "party" or "parties," as used in this Confidentiality Order, shall mean all named parties in this lawsuit, *i.e.*, Guardian Angel Credit Union, MetaBank, and Meta Financial Group, Inc. and shall specifically exclude non-representative class members.

       3.      The term "Confidential Information," as used in this Confidentiality Order, is defined to include information, documents, or materials not in the public domain that contain proprietary, personal, business, or trade-secret information or other confidential financial information (including, but not limited to, customer or alleged customer information).

4. Any party to this action or other person or entity, including any third party, who produces or supplies information, documents or other materials used in this action (hereinafter the "Designating Party" or the "Producing Party") may designate as "Confidential" any such information, document or material that it reasonably and in good faith believes constitutes or contains Confidential Information or information protected from disclosure by contractual obligations with third parties. The designation "Confidential" shall be made by affixing on the document or material containing such information, and upon each page so designated if practicable, a legend that in substance states: "CONFIDENTIAL."

5. Any Designating Party or Producing Party may designate as "Attorneys' Eyes Only Confidential" any information, document, or material that it reasonably and in good faith believes constitutes or contains Confidential Information of a particularly sensitive nature. The designation "Attorneys' Eyes Only Confidential" shall be made by affixing on the document or material containing such information, and upon each page so designated if practicable, a legend that in substance states: "ATTORNEYS' EYES ONLY CONFIDENTIAL."

6. At the time of a deposition or within 14 days after receipt of the deposition transcript, a party may designate as Confidential or Attorneys' Eyes Only Confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraphs (3 and 4) above. Within 14 days of the receipt of the deposition transcript, the specific portion designated shall be set forth in writing and served upon all counsel. Transcripts will be treated as Attorneys' Eyes Only Confidential for this 14-day period. Any portions of a transcript designated Confidential or Attorneys' Eyes Only Confidential shall thereafter be treated as Confidential or Attorneys' Eyes Only Confidential in accordance with this Order.

7.  Confidential Information that has been produced in this litigation may be disclosed only to:

   a.  This Court and its personnel.

   b.  Outside counsel of record and in-house counsel in this litigation (including staff persons employed by such counsel and litigation support vendors working for such counsel).

   c.  Any consultant, investigator or expert (collectively, "Expert") who is assisting in the preparation and trial of this litigation, but only to the extent reasonably necessary to enable such Expert to render such assistance.

   d.  A deponent, but only in connection with preparation for and during the course of his or her deposition. Disclosure shall not include providing to such deponents their own copies of any Confidential documents or other tangible items containing Confidential Information.

   e.  A court reporter and a videographer.

   f.  The parties to this lawsuit.

8.  Attorneys' Eyes Only Confidential materials that have been produced in this litigation may be disclosed only to:

   a.  This Court and its personnel.

   b.  Outside counsel of record and in-house counsel in this litigation (including staff persons employed by such counsel and litigation support vendors working for such counsel).

   c.  Any consultant, investigator or expert (collectively, "Expert") who is assisting in the preparation and trial of this litigation, but only to the extent reasonably necessary to enable such Expert to render such assistance.

   d.  A deponent who is questioned about Attorneys' Eyes Only Confidential materials or who is shown exhibits which constitute or include Attorneys' Eyes Only Confidential materials. Disclosure shall not include providing to such deponents their own copies of any Attorneys' Eyes Only Confidential materials or other tangible items containing Attorneys' Eyes Only Confidential materials.

   e.  A court reporter and a videographer.

9. If a party wishes to disclose Confidential Information or Attorneys' Eyes Only Confidential materials to any person not described in paragraph 7 or 8, respectively, of this Confidentiality Order, permission to so disclose must be requested from the Designating Party in writing. If the Designating Party objects to the proposed disclosure, such disclosure shall not be made unless, upon motion by the party requesting such permission, this Court orders otherwise.

10. Prior to obtaining access to Confidential Information or Attorneys' Eyes Only Confidential materials, any person to whom Confidential Information or Attorneys' Eyes Only materials may be disclosed pursuant to paragraphs 7 and 8 hereof, except this Court, its personnel, the named parties in this action and their counsel, shall be shown and shall read a copy of this Confidentiality Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Acknowledgment annexed hereto as Exhibit A ("Confidentiality Acknowledgment"). Counsel for the party obtaining a person's signature on the Confidentiality Acknowledgment shall retain the original signed acknowledgment. If at any time the Designating Party has reason to believe that Confidential Information has been disclosed in violation of this Confidentiality Order, it may move this Court to obtain copies of the signed acknowledgments, which motion shall be granted upon good cause shown.

11. Where any Confidential Information or information derived from Confidential Information or Attorneys' Eyes Only Confidential materials are included in any Court filing, such filing shall be made under seal pursuant to Local Rule 83.11. Materials filed under seal shall not be filed through the Court's electronic filing system. The first page of any document filed under seal shall be conspicuously marked with the words, "Filed Under Seal. Contains Confidential Information Subject to Protective Order." The Clerk shall not permit access to material filed under seal, except by order of the Court.

12. Nothing in this Order shall prohibit the Producing Party's ability to redact information. Any challenges to redactions shall be handled in the same manner set forth for challenging confidentiality designations as set forth in Paragraph 15 herein. In the event the following types of information are not redacted from produced material, regardless of confidentiality designation, said information must be treated as Confidential Information:

    a. Names of any customers or alleged customers.

    b. Addresses of any customers or alleged customers.

    c. Telephone numbers of any customers or alleged customers.

    d. Financial information of any customers or alleged customers.

    e. Social security numbers or tax identification numbers of any customers or alleged customers.

13. Except to the extent expressly authorized in this Confidentiality Order, Confidential Information or Attorneys' Eyes Only Confidential materials shall not be used or disclosed for any purpose other than the preparation and trial of this case, and/or any appeal therefrom, subject to the provisions of Paragraph 20.

14. Any summary, compilation, notes, copy, electronic image or database containing Confidential Information or Attorneys' Eyes Only Confidential materials shall be subject to the terms of the Confidentiality Order to the same extent as the material or information from which such summary, compilation, notes, copy, electronic image or database is made or derived.

15. Any party may object to a designation by notifying the Designating Party in writing of that objection and specifying the designated material to which the objection is made. The parties shall, within 15 days of service of the written objection, confer concerning the objection. If the objection is not resolved, the objecting party shall, within 15 days of the

conference, seek appropriate relief from the Court. If such a motion is filed, information subject to dispute shall, until further order of the Court, be treated consistently with its designation. With respect to any material which is redesignated or ceases to be subject to the protection of this Confidentiality Order, the Designating Party shall, at its expense, provide to each party which so requests additional copies thereof from which all confidentiality legends affixed hereunder have been adjusted to reflect the redesignation or removed as appropriate.

16. Inadvertent failure to designate any information pursuant to this Confidentiality Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted promptly after learning of such disclosure. At such time, arrangements shall be made for the return to the Designating Party of all copies of the inadvertently misdesignated documents and for the substitution, where appropriate, of properly labeled copies.

17. In the case of inadvertently produced privileged and/or work product documents, upon request of the Producing Party, the documents together with all copies thereof and any notes made therefrom shall be returned immediately to the party claiming privilege and work product immunity. Any notes shall be returned in a sealed and initialed envelope that shall be maintained by the Producing Party pending further order of the Court. Defendants do not waive any claim of privilege or work product for any document produced in this action to which Defendants or any co-defendant in any other action or proceeding presently asserts a claim of privilege or work product.

18. Nothing in this Confidentiality Order shall be deemed to restrict in any manner the use by any Designating Party of any information in its own documents and materials.

19. If any party or counsel for any party receives notices of any subpoena or other compulsory process commanding production of Confidential Information that a party has obtained under the terms of this Confidentiality Order, counsel for such party shall, if there are fewer than 10 days to comply, within two, or if more than 10 days, at least seven business days prior to the due date of compliance, notify the Designating Party in writing, and shall not produce the Confidential Information, until the Designating Party has had reasonable time to take appropriate steps to protect the material. It shall be the responsibility of the Designating Party to obtain relief from the subpoena or order prior to the due date of compliance, and, to give the Designating Party an opportunity to obtain such relief, the party from whom such information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order.

20. This Confidentiality Order shall not prevent any of the parties from moving this Court for an order that Confidential Information may be disclosed other than in accordance with this Confidentiality Order. Furthermore, if any party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make application to the Court. Such application shall only be granted for good cause shown. It shall remain in effect until such time as it is modified, amended or rescinded by the Court. This Confidentiality Order does not affect any party's rights to object to discovery on any grounds other than an objection based solely on the ground that the information sought is confidential in nature.

21. This Confidentiality Order is not intended to govern the use of Confidential Information or Attorneys' Eyes Only Confidential materials at any hearing or trial of this action. Before Confidential Information or Attorneys' Eyes Only Confidential materials

are so used, questions of the protection of Confidential Information or Attorneys' Eyes Only Confidential materials during any hearing or trial will be presented to the Court by the Designating Party prior to or during the hearing and/or trial.

22. This Court shall have continuing jurisdiction to modify, enforce, interpret or rescind this Confidentiality Order, notwithstanding the termination of this action.

23. Within 60 days after conclusion of this action, including the exhaustion of all appeals, all Confidential Information or Attorneys Eyes' Only Confidential materials produced in this litigation (other than exhibits at the official court of record) and copies thereof shall be returned to the Designating Party or, at the sole option of the Designating Party, shall be destroyed. However, documents or materials that contain Confidential Information or Attorneys' Eyes Only Confidential information of a Designating Party and the work product of the party in possession of the documents or materials need not be given to the Designating Party but shall be destroyed within the same time frame. Counsel for any party or third party receiving Confidential Information or Attorneys' Eyes Only Confidential materials shall make written certification of compliance with this provision and shall deliver the same to counsel for each Designating Party within 120 days after the conclusion of this action.

Agreed and stipulated to:

| | |
|---|---|
| COOPER CARGILL & CHANT, P.C.<br><br>By: _____<br>Christopher T. Meier, Bar No. 17135<br>2935 White Mountain Highway<br>North Conway, NH 03860<br>Voice: 603-356-5439<br>Fax: 603-356-7975<br>cmeier@coopercargillchant.com<br><br>*Attorneys for Plaintiff*<br>*Guardian Angel Credit Union* | MCLANE, GRAF, RAULERSON & MIDDLETON, P.A.<br><br>By: _____<br>Bruce W. Felmly, Bar No. 787<br>bruce.felmly@mclane.com<br>900 Elm Street, P.O. Box 326<br>Manchester, NH 03105<br>Telephone: (603) 625-6464<br><br>Christine B. Cesare, admitted *pro hac vice*<br>Rachel Barber Schwartz,<br>admitted *pro hac vice*<br>BRYAN CAVE LLP<br>cbcesare@bryancave.com<br>rebarberschwartz@bryancave.com<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 541-2000<br>Facsimile: (212) 541-4630<br><br>*Attorneys for Defendants MetaBank and*<br>*Meta Financial Group, Inc.* |

**SO ORDERED.**

/s/ Paul Barbadoro
      U.S.D.J.

March 9, 2009

# EXHIBIT A

Case 1:08-cv-00261-PB   Document 25   Filed 03/09/09   Page 10 of 12

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

```
------------------------------------------------------------------ X
GUARDIAN ANGEL CREDIT UNION, on its own          :
behalf and on behalf of a class of persons similarly  :
situated,                                        :
                                                 :  Case No. 08-CV-261 (PB)
                        Plaintiff,               :
                                                 :
        - against -                              :
                                                 :
METABANK, and META FINANCIAL GROUP, INC.,        :
                                                 :
                        Defendants.              :
------------------------------------------------------------------ X
```

I, _____, acknowledge and affirm the following:

1. I have read and understand the Confidentiality Order to which this Confidentiality Acknowledgement is annexed. I attest to my understanding that access to information designated Confidential may be provided to me by _____ and that such access is pursuant to the terms, conditions, and restrictions of the Confidentiality Order. I agree to be bound by the terms of the Confidentiality Order. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Confidentiality Acknowledgment and the Confidentiality Order. I also agree that upon termination of my involvement in the above-captioned case, I will return all documents, and any copies thereof, in my possession, custody or control to counsel for the party from whom I received the information.

2. I shall not use or disclose to others, except in accordance with the Confidentiality Order, any Confidential Information or Attorneys' Eyes Only Confidential Information. If I fail to abide by the terms of this Confidentiality Acknowledgment or the

11

Confidentiality Order, I understand that I may be subject to sanctions under the contempt power of this Court. All civil remedies for breach of this Confidentiality Acknowledgment are specifically reserved by the Plaintiff and the Defendants and are not waived by the disclosure to me provided for in this Confidentiality Acknowledgement.

Dated:_____

_____
Signature

_____
Printed Name

_____
Firm Name

_____
Address

_____

_____
Telephone Number

_____
Individual or Entity Represented

SWORN TO AND SUBSCRIBED
BEFORE ME ON THIS THE _____
DAY OF _____, 200__.

_____
NOTARY PUBLIC