```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Guardian Angel Credit Union,**
**on its own behalf and on behalf**
**of a class of persons similarly**
**situated**

    **v.**                                   Case No. 08-cv-261-PB
                                          Opinion No. 2010 DNH 043
**MetaBank, and Meta Financial**
**Group, Inc.**


### MEMORANDUM AND ORDER

Guardian Angel Credit Union ("Guardian Angel") has moved to amend its complaint against MetaBank and Meta Financial Group, Inc. (collectively, "MetaBank") to add a claim under New Hampshire Revised Statutes Annotated § 382-A:4A, New Hampshire's codification of Article 4A of the Uniform Commercial Code ("Article 4A"). I deny Guardian Angel's motion because I determine that its proposed amendment would be futile.


### I.   BACKGROUND

In 2005, Guardian Angel attempted to purchase a $99,000 Certificate of Deposit ("CD") from MetaBank's predecessor, First Federal Savings Bank of the Midwest (hereinafter also referred to as "MetaBank"). (Am. Compl. - Class Action - Jury Trial Demand

(hereinafter "Am. Compl."), Doc. No. 37-2, ¶¶ 2, 6, 55.) Guardian Angel initiated the purchase by electronically transferring funds to the Federal Home Loan Bank of Des Moines, where MetaBank maintained an account. (Compl. - Class Action - Jury Trial Demand (hereinafter "Compl.") Ex. A, Doc. No. 1-2.) The wire transfer confirmation lists Guardian Angel as the "originator" and "beneficiary" of the transfer and identifies MetaBank as the "beneficiary's bank." (Id.)

In return for the wire transfer, Guardian Angel received what appeared to be a legitimate CD issued by MetaBank. (Am. Compl., Doc. No. 37-2, ¶ 6.) Guardian Angel renewed its CD in 2006 and 2007, but learned in 2008 that the CD had been fraudulently issued without authorization by an employee of MetaBank, Charlene M. Pickhinke. (Id. ¶¶ 7-10.)

Guardian Angel brought its initial class action complaint against MetaBank after MetaBank refused to honor the CD and it became apparent that Pickhinke had used a similar scheme to defraud approximately fifty other entities that had attempted to purchase CDs from MetaBank. (See id. ¶¶ 12-13.) The complaint asserted causes of action for breach of contract, negligence, and conversion. (See Compl., Doc. No. 1, ¶¶ 29-49.) Guardian Angel

now seeks to amend its complaint to add a claim under Article 4A.

## II.  STANDARD OF REVIEW

A motion for leave to amend should not be granted if the amendment "would be futile or reward undue delay."  Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 117 (1st Cir. 2009).  "If leave to amend is sought before discovery is complete and neither party has moved for summary judgment, the accuracy of the 'futility' label is gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6)."  Hatch v. Dep't for Children, Youth and Their Families, 274 F.3d 12, 19 (1st Cir. 2001).  Under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted).  "The plausibility standard," while not a "probability requirement," requires more than a "sheer possibility that a defendant has acted unlawfully."  Id. (internal quotation marks omitted).  Although the court must accept all facts in the complaint as true, that requirement does not apply to "legal conclusion[s] couched as . . . factual allegation[s]."  Id. at 1949-50 (internal quotation marks omitted).  "Threadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949.

### III.  ANALYSIS

Guardian Angel seeks to add a single count based upon Article 4A.  In reality, however, it asserts two distinct claims.  Guardian Angel's first theory is that MetaBank was a "receiving bank" that violated § 382-A:4A-302(a)(1) by failing to execute a "payment order."  Its second theory is that MetaBank was a "beneficiary's bank" that violated § 382-A:4A-404(a) by accepting a "payment order" and thereafter failing to pay the amount of the order to its "beneficiary," Guardian Angel.  In the discussion that follows, I examine each statutory section in detail and explain why Guardian Angel's attempt to assert a cause of action under either section would be futile.

#### A.   Section 382-A:4A-302(a)(1)

Section 382-A:4A-302 describes the obligations that a "receiving bank" assumes when executing a "payment order."  A payment order is "an instruction of a sender to a receiving bank, transmitted orally, electronically, or in writing, to pay, or to cause another bank to pay, a fixed or determinable amount of

money to a beneficiary . . . ." N.H. Rev. Stat. Ann. § 382-A:4A-103(a)(1) (2004).  A receiving bank is "the bank to which the sender's instruction is addressed."  § 382-A:4A-103(a)(4).  Guardian Angel argues that MetaBank violated § 382-A:4A-302 by failing to execute a payment order obligating it to invest the proceeds of the $99,000 wire transfer in a CD.

The fatal flaw in Guardian Angel's argument is that it seeks to hold MetaBank liable for failing to execute a payment order that is not executable under New Hampshire law.  Guardian Angel concedes that if MetaBank was a receiving bank, it was also a "beneficiary's bank" as this term is used in Article 4A.[1]  (Am. Compl., Doc. No. 37-2, ¶ 58.)  Because Article 4A provides that "a payment order received by the beneficiary's bank can be accepted but cannot be executed," N.H. Rev. Stat. Ann. § 382-A:4A-301(a) (2004), it necessarily follows that a beneficiary's bank cannot be held liable for failing to execute a payment order.  Thus, Guardian Angel's concession that MetaBank was a beneficiary's bank precludes it from basing its Article 4A claim

---

[1]  A "beneficiary's bank" is "the bank identified in a payment order in which an account of the beneficiary is to be credited pursuant to the order or which otherwise is to make payment to the beneficiary if the order does not provide for payment to an account."  N.H. Rev. Stat. Ann. § 382-A:4A-103(a)(3) (2004).

on § 382-A:4A-302(a)(1).

    **B.    Section 382-A:4A-404(a)**

Section 382-A:4A-404(a) provides in pertinent part that "if a beneficiary's bank accepts a payment order, the bank is obliged to pay the amount of the order to the beneficiary of the order." N.H. Rev. Stat. Ann. § 382-A:4A-404(a) (2004). Guardian Angel argues that MetaBank violated this provision by failing to use the proceeds of the $99,000 wire funds transfer to purchase a CD on its behalf.

I am unpersuaded by Guardian Angel's argument because it relies on Article 4A to cover aspects of a funds transfer that the drafters of the UCC did not intend the article to cover. Comment 3 to UCC § 4A-104 provides that "[t]he function of banks in a funds transfer under Article 4A is comparable to the role of banks in the collection and payment of checks in that it is essentially mechanical in nature." N.H. Rev. Stat. Ann. § 382-A:4A-104 cmt. 3. Transactions that are subject to conditions or that require the exercise of discretion to execute are not "mechanical in nature." Article 4A thus specifies that an instruction to a bank will qualify as a payment order potentially giving rise to liability under § 382-A:4A-404(a) only if "the

instruction does not state a condition to payment to the beneficiary other than time of payment." § 382-A:4A-103(a)(1)(i).

The purported instruction on which Guardian Angel's claim is based is more than an unconditional order to pay Guardian Angel a specified sum on a given date: it is an instruction to purchase a CD with specified terms and conditions such as a designated interest rate and a set prepayment penalty. The instruction thus includes conditions on payment that preclude it from qualifying as a payment order that can serve as the basis for a claim under § 382-A:4A-404(a).

## IV. CONCLUSION

For all of the foregoing reasons, I conclude that the proposed amendment would be futile and deny Guardian Angel's motion to amend its complaint (Doc. No. 37).

SO ORDERED.

Paul Barbadoro
United States District Judge

March 8, 2010

cc: Christine B. Cesare, Esq.
    Randall F. Cooper, Esq.

Bruce W. Felmly, Esq.
Christopher T. Meier, Esq.
Rachel E. Barber Shwartz, Esq.